UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| OSAI YOUSUFZAI,<br>     *Plaintiff*,<br><br>          v.<br><br>MERRICK GARLAND, United States<br>Attorney General, *et al.*,<br>     *Defendants*. | Case No. 1:22-cv-1454 (MSN/JFA) |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss (Dkt. No. 11). For the reasons set forth below, the Court will grant that motion.

**I.    BACKGROUND**

**A.  Factual Background**

Plaintiff Osai Yousufzai alleges that Defendants Merrick Garland (the U.S. Attorney General), Secretary Antony Blinken (the U.S. Secretary of State), Donald Blume (the U.S. Ambassador to Pakistan), and the unnamed Director of the National Visa Center ("NVC") failed to take timely action regarding the visa application filed on behalf of her father, Mohammed Yousufzai ("Mr. Yousufzai"), and that the delay entitles her to relief through mandamus issued by this Court. *See* Dkt. No. 8 ¶ 28–35. ("Am. Compl.").

Plaintiff is a naturalized citizen of the United States. Am. Compl. ¶ 10. And in February 2016, she filed Immigrant Visa Petitions on behalf of both her parents (who are citizens of Pakistan). *Id.* ¶ 11. In August 2016, U.S. Citizenship and Immigration Services approved the immigrant visa petitions and transferred them to NVC for review, which then sent them to the U.S.

1

Embassy in Afghanistan, where both of Plaintiff's parents were interviewed in March 2017. *Id.* ¶¶ 12–13.

In August 2018, Plaintiff received an email from the U.S. Embassy in Afghanistan informing her that her parents' visa petitions had been refused for administrative processing to ensure "applicants are both qualified for a visa and do not pose a security risk to the United States."[1] *Id.* ¶ 14. This email, as well as another email sent to Plaintiff in November 2018, stated that the administrative processing procedure did not have a defined timeline and could be neither waived nor expedited. *Id.* ¶¶ 14–15.

But before the administrative processing had been completed (and for reasons unimportant to this case), the U.S. Embassy in Afghanistan was closed in August 2021. *Id.* ¶ 17. Plaintiff requested that the pending immigrant visa petitions for her parents be transferred to the U.S. Embassy in Pakistan for processing. *Id.* ¶ 18. But while her mother's case was transferred, it was unclear whether any action had been taken to transfer her father's petition from Afghanistan to Pakistan. *Id.* ¶ 19.

B. Procedural History

On December 27, 2022, Plaintiff filed this action, seeking a [writ of mandamus]. *See* Dkt. No. 1 ("Compl."). In her original Complaint, Plaintiff alleged that the Government owed her a duty to process Mr. Yousufzai's immigrant visa in a timely fashion, and that their unreasonable delay entitles her to relief . Compl. ¶ 26.

After the Court granted leave to do so, Plaintiff filed her Amended Complaint, which included new allegations about an email she received from the U.S. Embassy in Pakistan. Dkt. No.

---

[1] According to the Department of State website, when a visa is "refused" the applicant did not establish eligibility for a visa to the initial satisfaction of the consular officer. This may result in additional administrative processing and the need for the applicant to submit additional information that may be relevant to their eligibility.

8 at 14. In that email, Plaintiff was told that her father's visa application had been refused after his 2017 interview with the U.S. Embassy in Afghanistan under § 221(g) of the Immigration and Nationality Act ("INA"), which allows consular officers to reject a visa application after reviewing the application and conducting an interview. Am. Compl. ¶ 22. The email also informed Plaintiff that the consular officer had determined Mr. Yousufzai was ineligible for a visa under § 212(a)(3)(B) of the INA, which allows consular officers to reject a visa application of an applicant who has (or is reasonably believed to have) engaged in terroristic activities. *Id.* And finally, the email informed Plaintiff of the reconsideration process through which the Yousufzais could have the denial reviewed. *Id.*

As relief, Plaintiff asks the Court to compel the Defendants to process Mr. Yousufzai's visa application and transfer it to the U.S. Consulate in Pakistan (like her mother's had been). Am. Compl. ¶¶ 19, 35. In addition, she asks the Court to order Defendants to provide a written explanation detailing Mr. Yousufzai's eligibility and explain how the Yousufzais could overcome the finding of ineligibility expressed in the government's email. Am. Compl. ¶ 35.

On March 14, 2023, the Government moved to dismiss Plaintiff's Amended Complaint. *See* Dkt No. 11. The Government asserts that the Court lacks subject matter jurisdiction over Plaintiff's claims because of the consular non-reviewability doctrine, which requires judicial deference to executive decisions to exclude non-citizens (like the denial of Mr. Yousufzai's visa application). Dkt. No. 12 at 6. Plaintiff responded on March 27. Dkt. No. 14. And Defendants replied on April 3. Dkt. No. 17.

## II.  STANDARD OF REVIEW

The Court may grant a motion to dismiss under the Federal Rules of Civil Procedure, when it does not have jurisdiction over the subject matter of the action. *See* Fed. R. Civ. P. 12(b)(1). A

Rule 12(b)(1) motion may assert "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Plaintiffs bear the burden of establishing a jurisdictional basis for their claims, and absent a showing of facts establishing this basis by a preponderance of the evidence, a party may seek dismissal under Rule 12(b)(1). *Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).

### III.   DISCUSSION

The doctrine of consular non-reviewability denies courts subject-matter jurisdiction over claims that originate from decisions of the political branch of the government—like the decision to deny Mr. Yousufzai's visa application here. *Sesay v. United States*, 984 F.3d 312, 315 (4th Cir. 2021) ("[I]t is not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given [non-citizen].") (quoting *Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950)). This doctrine enables executive officials to exercise their expertise in "matters falling outside judicial competency, including local conditions in foreign countries, diplomatic relationships and protocols, and national security needs"—and to do so without judicial intervention. *Id.*

However, that deference is not absolute. Courts may suspend judicial deference and review the decisions of a consular officer if "a U.S. citizen's own constitutional rights . . . are assertedly burdened by [the] visa denial." *Id.* (quoting *Kerry v. Din*, 576 U.S. 86, 104 (2015)). But even then, courts are to uphold the executive decision whenever there is a showing that it was made "on the basis of a facially legitimate and bona fide reason." *Id.* Making such a showing is not onerous: so long as the government provides a statutory citation explaining the denial, the decision will not be reviewed any further. *Id.* at 316 (citing *Trump v. Hawaii*, 138 S. Ct. 2392, 2419 (2018) (noting that "the [g]overnment need provide only a statutory citation to explain a visa denial")); *see also*

*Kleindienst v. Mandel*, 408 U.S. 753, 770 (1972) ("[W]hen the Executive exercises the [immigration] power negatively on the basis of a facially legitimate and bona fide reason, the courts will [not] look behind the exercise of that discretion.").

Turning to the facts of this case, the Court finds that it would be improper to second-guess the Executive Branch's decision to denial Mr. Yousufzai's visa application because Plaintiff has failed to satisfy the narrow exception to the bar on reviewing consular decisions. *First,* the Government's decision to refuse Mr. Yousufzai's visa application does not violate any of Plaintiff's constitutional rights as there is no constitutional right to have one's parent live in the United States. *See Gallanosa v. United States*, 785 F.2d 116, 120 (4th Cir. 1986) (holding that deportation of non-U.S. citizen parents does not violate any constitutional rights of children who are citizens). *Second*, even if the denial had burdened Plaintiff's constitutional rights, the decision is nonetheless unreviewable because Defendants have shown that it was made "on the basis of a facially legitimate and bona fide reason." *See Sesay*, 984 F.3d at 315. In its January 2023 email to Plaintiff regarding the denial of Mr. Yousufzai's visa, Defendants cited two statutory provisions: 8 U.S.C. § 1201(g) and 8 U.S.C. § 1182(a)(3)(B). Dkt. No. 12 at 8.[2] And although it is not much, that is enough. *Cf. Sesay*, 984 F.3d at 316 (finding that the government met its burden by providing citations to two provisions of the INA).

Therefore, this Court lacks subject-matter jurisdiction to review Defendants' decision to refuse Mr. Yousufzai's visa application.

## IV.   CONCLUSION

For the reasons stated above, the Court will grant Defendant's dismissal motion. Accordingly, it is hereby

---

[2] These two statutory provisions codify §§ 221(g) and 212(a)(3)(B) of the INA.

**ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that this case is **DISMISSED.**

                                                      **SO ORDERED.**

/s/
Hon. Michael S. Nachmanoff
United States District Judge

June 27, 2023
Alexandria, Virginia